HEARD NOVEMBER TERM, 1872.

## PORTER *vs.* SOUTHERN EXPRESS COMPANY.

A receipt of an Agent of an Express Company of goods for conveyance and delivery to plaintiffs, containing a memorandum of agreement, is of itself evidence to bind the company.

In an action against an Express Company, upon a written contract to convey and deliver goods, the plaintiff relies upon the terms of the contract, and not upon the implied common law obligation of carriers.

A clause in the contract of an Express Company, that "it is not to be held liable for any loss or damage whatever, unless claim be made therefor within ninety days from the delivery to it:" *Held*, Not to limit the liability of the company in an action upon the contract to recover for the non-delivery of goods.

In an action against an Express Company to recover damages for the non-delivery, in 1864, of goods purchased and paid for by plaintiff in Confederate currency, it was not error to refuse to instruct the jury that the measure of damages was the value in lawful money of the Confederate currency paid for the goods.

BEFORE GRAHAM, J., AT CHARLESTON, MARCH TERM, 1871.

Action of assumpsit, commenced in April, 1867. The declaration contained two counts. The first alleged that defendants, being carriers of goods for hire, the plaintiffs, on the 12th of March, 1867, delivered to the defendants, at Petersburg, Virginia, thirteen boxes of tobacco of the plaintiff, and in consideration thereof, and of a certain reward, defendants promised safely and securely to carry and deliver the said boxes of tobacco to the plaintiffs at Charleston, South Carolina: breach, that they have not delivered, &c. The second count was for not taking due and proper care of the tobacco, by means whereof they were lost to the plaintiffs.

The appeal was heard upon a brief containing the pleading and a case with exceptions as follows:

The plaintiffs, to maintain the issues on their part, offered in evidence the testimony of Mirabeau L. T. Davis, a witness residing at Norfolk, Virginia, taken by Commission. This witness, among other things, testified as follows:

" In March, 1864, I was the agent of the defendants at Petersburg, Virginia, for the purpose of receiving goods to be transported by the defendants. As such agent, I gave the following receipt:

SOUTHERN EXPRESS COMPANY,

PETERSBURG, March 12, 1864.

" Received of J. E. Venable, two packages 5 attd & twenty-two packages, 4 attd. Twenty-one and a half boxes & twenty-six and three-fourth boxes.

" Valûe $10,000—and C. O. D. $1,761 10-100.  Addressed N. M. Porter & Company, Charleston, S. C.

" To be forwarded as addressed.

" It is agreed and is a part of the consideration of this contract, that the Southern Express Company is not to be held responsible, *except as forwarders*, nor for any loss or damage arising from the dangers of railroad, ocean, steam or river navigation, fire, &c., unless specially insured, and so specified in this receipt; and in no event to be held responsible for the safe transportation of the articles herein receipted for, after the same shall have been delivered to other parties, which the Southern Express Company is hereby authorized to do, for completing the transportation and delivery; nor is it to be held liable for any loss or damage whatever, unless claim be made therefor within ninety days from the delivery to it.

" Paid, Freight............................ $1,679 00
" Paid Ins., Charges....................... 50 00

$1,729 00

For the proprietors, DAVIS."

" Written across the face of the said receipt are the words, ' War risk excepted.'

" I did sign said receipt on behalf of the Southern Express Company, and it was my principal business to receive and sign receipts for goods to be forwarded by the company."

" The Southern Express Company, at date of said receipt, (12th March, 1864,) was engaged in carrying goods for the public for hire, and did then carry goods, wares and merchandise for hire from Petersburg, Virginia, to Charleston."

The plaintiffs further offered in evidence the testimony of N. M. Porter, one of the plaintiffs, who testified, among other things, as follows :

" In the early part of 1864 I purchased some tobacco in Virginia, of Jones & Co., of Richmond, and shipped through J. Venable, of Petersburg, Virginia. It was to be shipped to my firm, at Charleston, South Carolina, by express, at Petersburg. The invoices I received of this tobacco correspond with the receipt given by Mr. Davis, the Express Agent, and referred to in his examination. Of this tobacco, 132 boxes, all sizes, were received from the defendants. Thirteen boxes did not come to hand. One thousand five hundred and sixty-five pounds of

tobacco were thus missing. In 1864, at the time when they should have been delivered, the tobacco was worth $2.25 per pound, in Confederate currency, or $3,521.25 for the quantity missing."

The plaintiffs further offered in evidence the testimony of George H. Gruber, who testified, among other things, as follows :

" Tobacco, of the same kind as that which was missing, sold in 1865, soon after the close of the war, for thirty-two cents per pound. The tobacco was worth just as much in 1864, when it should have been delivered."

It was admitted that the $1,761.10 were paid by plaintiffs on delivery.

The testimony for the plaintiffs being closed, the defendants moved for a non-suit on the grounds :

*First*. That the receipt of the agent at Petersburg was not of itself evidence of the receipt of the missing tobacco, and that there was no other.

*Second*. That of the common law liability of a carrier for breach, of which this action was brought, the receipt of the Express Company was not evidence, and there was no other.

The said points were overruled by the Court, to which overruling the defendants then and there excepted.

And, the testimony on both sides being closed, the defendants prayed the Court to instruct the jury in the following particulars :

*First*. That the special contract in the receipt given by the Express Company in this case, containing special qualification of their liability as carriers, will not sustain an action for breach of the implied obligation of common carriers.

*Second*. That upon a special contract for transportation, requiring claim of loss within ninety days, the plaintiffs cannot recover without the claim be made within that time, and proof thereof.

*Third*. That the receipt of even the agent of the company is not of itself sufficient to charge the company without the oath of the witness, or evidence *aliunde* that the goods were received.

*Fourth*. That the measure of damages is the value of the tobacco at the time it ought to have come to hand at Charleston.

*Fifth*. That the value at that time in Confederate currency is to be reduced to the value of that currency in the currency of the United States, without interest.

But the Court rejected each of the instructions prayed for by the defendants, except the second and fourth thereof, and in lieu

thereof, instructed the jury that, as to the point made in the first instruction prayed for, the special contract in the receipt does not relieve the company from the common law responsibility, but the company is at liberty to show, as a matter of defense, that the loss came within one of the exceptions mentioned therein.

That, as to the point made in the third instruction prayed for, the receipt of the agent does bind the company.

That, as to the point made in the fifth instruction prayed for, the plaintiffs are entitled to the value of the tobacco at the time when it should have been delivered, and the jury must judge of that value; the Court will not indicate the standard; the jury must decide from the testimony, and the proof is that it sold for thirty-two cents in 1865, and that it was worth as much in 1864, and that plaintiffs were entitled to interest.

To the granting of which instructions, and the refusal of those prayed for by the defendants, the defendants then and there, and before the jury had withdrawn from the box, did except and still do except.

The jury found for plaintiffs $676.75, and judgment having been entered, the defendants appealed.

*Brewster, Spratt & Burke,* for appellants:

There was error in overruling the motion for a non-suit—

If the receipt of the agent of the defendant be not evidence of the fact of the bailment; or,

If it be not evidence of the cause of action.

· The issue was as to the contract of bailment. To that it was incumbent on the plaintiffs to shew the fact that the goods were delivered, and that such as are stated were the undertakings of the company.

Of the *fact,* there is but this certificate of the agent—of the *undertaking,* but the memoranda appended to the receipt. It does not appear that there were boxes of tobacco, or that they were delivered to the agent, but as he has admitted it in this paper, or that there was any undertaking as to the transportation, but as that is stated therein.

Then, as to the sufficiency as evidence of this receipt: That is but the declaration by the agent of the fact, and of a *fact* affecting the interest of the principal the declarations of the agent are not

*evidence.* That were hearsay, and hearsay is incompetent to establish any fact susceptible of proof by living witnesses.—1 Green. Ev., § 99; Stark., Pt. 1, 46.

To this there is no exception as to the declarations of an agent in the course of his employment.—*Bowman* vs. *Rudeneus*, 7 T. R., 663; *Masters* vs. *Abrahams*, 1 Esp. N. P., 373; *Farlie* vs. *Hastings*, 10 Ves., 128; *Longhorn* vs. *Allnut*, 4 Taunt., 511; *Kohe* vs. *Cologan*, 4 Taunt., 565; *Reynor* vs. *Person*, 4 Taunt., 662; *Gilpin* vs. *Consequa*, 3 Wash. C. Ct., 184; *Beale* vs. *Petit*, 1 Wash. C. Ct., 241; *Mowry* vs *Talmadge*, McLean, 159; *United States* vs. *Martin*, 2 Paine, 68; *Millick* vs. *Peterson*, 2 Wash. C. C., 31; *United States* vs. *Barker*, 4 Wash. C. C., 464; *Blight* vs. *Ashley*, Pet. Ct. Ct., 15; *Corps* vs. *Robinson*, 2 Wash. C. C., 388; *Jourdan* vs. *Wilkins*, 3 Wash. C. C., 113.

The principle is that the declarations of an agent *bind* the principal; but it is not the law that they are *evidence* of specific facts declared against the principal.

The rule is not hard which merely requires proof of the corpus of the bailment, for, until that be done, it cannot appear that the plaintiff will be injured.

The rule were intolerable that would make the principal responsible for not the.acts only but the declaration of his agent.

Of this bailment there was no evidence but in the receipt. The action is for certain boxes of tobacco, which never came to hand. If some came to hand, it would not then imply that these would also, had they been received; beside that, there is no fact to show that the boxes of tobacco had existence; and while, therefore, the declaration of an agent might be shown as part of the *res gestæ*, the *res* itself—the bailment—must be shown of which it forms a part, and that also cannot appear from the declaration of the agent.

2d Ground. Non-suit.

No evidence of the cause of action.

That was for breach of the duty of the carrier at common law.

Of that there was no evidence, but that consisting in this receipt.

The receipt is attended by stipulations, and so is a special contract in relation to the bailment: 1. The Express Company is not a "common carrier."—Story Bail., 495, 509, 446; Story on Contracts, 752, 4 T. Rep., 581; 2 Stark., 461; 19 Barb., 577. 2. But, if so, the "common carrier" may accept specially.—5 Bing., 217. 3. The special receipt is a special contract.—*Shaw* vs. *York*, 13

Q. B., 347 ; *York* vs. *Crisp*, 14 Com. B., 527 ; *New Jersey Steam Nav. Co.* vs. *Merch. Bank*, 6 How., 344; *Kilman* vs. *U. S. Express Co.*, 3 Kansas, 205; *Swindler* vs. *Hilyard & Brooks*, 2 Rich., 303; *Singleton* vs. *Souer*, 1 Strob., 214; *New York Man. Co.* vs. *Ill. Cent. R. R.*, 8 Wall, 107 ; *Parker* vs. *Dinsmore*, Sup. Ct. New York, pamphlet, p. 7 ; *Myers* vs. *Harnden's Express Co.*, Sup. Ct. N. Y., p. 8 ; *Van Winkles* vs. *Adams' Express Co.*, Sup. Ct. N. Y., P. 9 ; *Boorman* vs. *Adams' Express Co.*, Wisconsin, p. 10 ; *Waylands, Administrator*, vs. *Mosely*, Sup. Ct. Alabama, p. 24.

The special agreement supercedes the obligation implied from the bailment simply, and the proof of the one will not support the allegation of the other.—*Munro* vs. *Munwood*, 5 Sanf., 557 ; *Toxin* vs. *Gonin*, 5 Duer, 389 ; *Collwell* vs. *Conklin*, 4 Duer, 45 ; *Lawrence* vs. *McCrady*, 6 Bosw., 329 ; *Pexley* vs. *Clark*, 32 Barb., 268 ; *Cran* vs. *Osgood*, 13 Barb., 583 ; *Hampstead* vs. *N. Y. Central R. R. Co.*, 28 Barb., 485.

This is not a case of variance under provisions of Section 192 of the Code. That applies to a case of misdescription of the cause of action.

This is a case in which one cause of action is alleged and another shown, which is the failure of proof, declared to be fatal, under the Section 194 of the Code.

The question is not as to the degree of difference or extent of injury or inconvenience from the practice, but if the contract in the receipt be in fact different from that declared on, then it cannot be received in proof, but upon the principle that one cause of an action may be shown, and another inferred, which can scarcely be admitted.

So much upon the motion for a non-suit. But if that, for any reason, be not proper, the same points were made by instructions prayed for, and if the receipt be not of itself evidence of the bailment, or be evidence of a cause of action different from that declared on, the plaintiff is entitled to a new trial, the instructions prayed for being refused.

*Porter & Conner*, contra :

The receipt of the agent of the company is not only evidence, but the very best evidence of the receipt of the goods. In cases against carriers, the bill of lading is invariably offered in evidence, no matter what exceptions or limitations there may be in it. The

receipt of an authorized agent is the receipt of the company.— Angel on Carriers, §§ 464-5, § 146; *Nelson* vs. *Woodruff*, 1 Black., 156.

One who carries for hire is a common carrier, and he cannot vary his common law liability, which is founded on principles of public policy, by calling himself a *forwarder*, or by any other name. Where there is a special contract, the character of the carrier is not changed, but only his liability to the extent of the exceptions.— *Baker* vs. *Brinson*, 9 Rich., 203.

The law of common carriers is to be strictly applied to express carriers.—*Stadhecker* vs. *Combs & Co.*, 9 Rich., 193.

The receipt in this case shows that the special insurance ($50) was paid, and so specified in the receipt. This takes it out of the exception or limitation, and puts the case directly upon the common law liability.

Upon the question of pleading, the material points are that defendants were common carriers; that they received plaintiff's goods to be carried for reward; that they undertook to deliver, and that they did not deliver.

All these things are alleged in the declaration, which is after the form in *Coggs & Bernard*. The rest is matter of defense.

This is also the form of complaint under the Code, where embarrassments are not allowed to arise out of the form, if there be no surprise upon the party.

The following cases are direct on the point of pleading: *Wyld* vs. *Pickford*, 8 M. & W., 444; *Wyse* vs. *Great Western R. R. Co.*, 1 Hurl. & Nor., 64; 2 Red. on Rail., 93, note.

. The principle is this: That the carrier is to be sued upon his common law liability for breach of duty, and if there be any exception, as in a bill of lading or other special exemption, he may set it up in his plea, or prove it under the general issue.

But upon plea of general issue he can only avail himself of it by way of defense.

March 15, 1873. The opinion of the Court was delivered by

WILLARD, A. J. The first ground of exception presented to the refusal of the Circuit Court to grant a non-suit involves the proposition that a receipt and memorandum of agreement, issued by an agent of an Express Company, acknowledging that certain goods had been intrusted to such company for conveyance to a designated

point, and for delivery to the party seeking to enforce it, is not evidence in itself to bind the company, although the authority of such agent to bind the company, by its terms, was fully shown. The proposition of the defendants is, that the receipt and memorandum of agreement is to be regarded, as to its competency as evidence, as a declaration of an agent, and as such is not in itself admissible, but the matters set forth must be affirmed by the testimony of the witness under oath.

The receipt and memorandum is in itself a contract, and having been made by one authorized to bind the defendants in that manner, is entitled to be received as evidence on the same footing as all other contracts in writing.

The second exception to the refusal to non-suit misconceives entirely the relation that the proof given in the trial sustains to the pleadings. The declaration alleged an express contract on the part of the defendants, as carriers for hire, to convey certain goods to a designated point, and deliver them to the plaintiffs. The receipt and memorandum produced proved the existence of such a contract, and consequently supported the averments of the declaration. The proposition of the defendants that the receipt was not of itself evidence to support a charge of a breach of the common law liability of a carrier has no meaning or significance as it regards the issue made by the pleadings and the bearing of the proofs upon that issue. The receipt and memorandum of agreement tended to prove the fact alleged by the declaration that the goods were delivered to the defendants for conveyance, and, as such, it was competent under the pleadings.

No ground is presented for interfering with the refusal of the Court to grant a non-suit.

The first instruction prayed by the defendants is a repetition, in other words, of the same proposition embodied in the second exception to the ruling refusing a non-suit. It is not necessary for the plaintiffs to resort to the " implied obligations of common carriers," to make out their case. They prove an express contract to convey the goods to Charleston, and to deliver them to the plaintiffs, founded on a valuable consideration, duly set forth. It is enough for them to show that the goods were not delivered to them according to the contract, in order to establish a breach. The proposition advanced by the defendants has no bearing on the case, and need not be considered as to its intrinsic merits.

The second instruction prayed misconceives the meaning of that clause of the receipt, which is in the following language : " Nor is it to be held liable for any loss or damage whatever, unless claim therefor be made within ninety days after the delivery to it." The view of this clause, taken by the defendants, is, that it operates as a limitation on that part of the contract that requires the delivery at the designated point of the same articles delivered to the defendant for conveyance. The effect of this would be that by the terms of the contract the defendants would be bound in general terms to deliver to the plaintiffs at a certain point, and yet the plaintiffs would not be entitled to enforce such obligation unless demand therefor was made within ninety days. It is not to be presumed that language employed in a contract was intended to impose obligations on one of the contracting parties, and yet not to create rights of a corresponding character in the other party. Certainly language that will reasonably bear any other construction should not be allowed to have such effect. If the construction contended for by the defendants is sound, then the ninety day clause was intended to operate with force and effect like that of the Statute of Limitations upon the plaintiff's right of action arising on a breach of the express contract to convey and deliver. We must exclude all other reasonable constructions before ascribing to the parties such an intent.

The clause in question is the concluding sentence of a paragraph distinct and separate from that part of the contract which requires delivery to the plaintiffs. The subject matter of this paragraph is the extent and measure of the liability of the defendants in the event of the goods becoming damaged or lost while in the hands of the defendants. The clause in question must be regarded as intended to apply to such a case.

As there was no evidence introduced by either party tending to show that the goods were either damaged or lost while in the hands of the defendants, the clause in question had no bearing on the case, and the refusal of the Circuit Judge to give instructions involving a construction of the true meaning and import of this clause was free from error. In the present case the charge is, that thirteen distinct packages, out of a larger lot delivered to the defendants for conveyance, were not delivered to the plaintiffs. To such a case the clause in question has no application. The defendants are to be presumed to know how many packages they received for delivery, and how many they delivered to plaintiffs, and it is not to be sup-

posed that they stipulated for information as to a matter fully within their knowledge. As it regards the contents of a package, or the state of an article delivered, it is easy to understand the nature of the interest the defendants would have as to prompt information of any claim for damage or loss.

The disposition made by the Court, as it regards this instruction, is not very clear, but that is not important, as the defendants were not entitled to have the instruction given.

The subject of the third instruction has already been considered as involving the false proposition that the receipt and memorandum of agreement was, without force in itself, considered as proof of the contract.

The fifth instruction was not called for. There was no contract between the parties based on the value of Confederate currency. The Court very properly refused to lay down any standard of the conversion of values, as the whole question was one of damage merely, a matter which is wholly within the province of the jury in a case of this nature.

None of the grounds of exception are sufficient to authorize this Court to interfere with the judgment and verdict.

The appeal must be dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.